## Manufacturers' & Mechanics' Bank *versus* The Commonwealth.

1. A state bank under the Act of Congress of June 3d 1864, became a national bank on the 28th of October 1864; on the 15th of December it furnished to the auditor-general the evidence that it had complied with the requirements of the state enabling act of August 2d 1864, which was certified December 19th by the auditor-general to the governor, who caused publication to be made on the 21st that the bank had become a national institution: *Held*, that the bank was liable to the state for all taxes to December 19th.

2. The bank, under the enabling act, surrendered its state charter and became a bank under the Act of Congress on the 19th of December 1864.

May 21st 1872.  Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Writs of error to the Court of Common Pleas of *Dauphin county:* No. 45 and 46, to May Term 1872.

Two actions of debt, No. 605 and 606, were brought to August Term 1871, of the court below, by The Commonwealth against The Manufacturers' and Mechanics' Bank of Philadelphia.

No. 605, was for the recovery of tax on dividends.

No. 606, for tax on the capital stock.

The following case was stated in No. 605:—

The Manufacturers' and Mechanics' Bank of the city and county of Philadelphia was, in the year 1864, a corporation established under the laws of Pennsylvania.

Upon the 24th day of October 1864, the said bank, under the provisions of an Act of Congress of the United States, entitled "An Act to provide a National Currency, &c.," approved the 3d of June 1864, made its organization certificate in due form for the purpose of becoming a National Association for carrying on the business of banking by the name of the Manufacturers' National Bank of Philadelphia, which certificate, duly acknowledged and authenticated, was thereupon transmitted to the comptroller of the

currency, on the 28th day of October 1864, he gave the said The Manufacturers' National Bank a certificate, that the provision of the Act of Congress has been complied with, and that it was authorized to commence the business of banking under the said act.

From and after the date of the said certificate, the said Manufacturers' National Bank assumed the character and duties of a national association as aforesaid, and paid into the treasury of the United States the taxes imposed upon it by the said Act of Congress.

The said Manufacturers' and Mechanics' Bank, on the 15th day of December 1864, furnished to the auditor-general of the state of Pennsylvania, satisfactory evidence that the requirements of a certain act of the legislature of the state of Pennsylvania, entitled, "An act enabling the banks of this Commonwealth to become associations for the purpose of banking under the laws of the United States," approved the 22d day of August 1864, had been complied with in relation to the said last-named bank, and that it had become a banking association under the laws of the United States.

The auditor-general held over the evidence of the conversion of said bank, awaiting payment of a balance of taxes due to the 1st of November 1864. This balance being paid on the 19th December 1864, the auditor-general on that day certified the facts to the governor, who, on the 21st day of the same month caused notice thereof to be published in the North American, a newspaper published in the city and county of Philadelphia, where the said bank was located, for at least three weeks. All taxes upon the dividends of said last-named bank, payable previously to the 1st of November 1864, were duly paid to the Commonwealth before the commencement of this suit, as will appear by the settlement of the auditor-general, a copy of which is hereunto annexed and made a part of this case stated.

Now, it is hereby agreed that if the court shall be of opinion that the said Manufacturers' and Mechanics' Bank is not liable to pay to the Commonwealth any tax upon dividends after the 1st of November 1864, then judgment shall be entered for the defendants, but if the opinion of the court shall be to the contrary, the judgment shall be entered for the plaintiff for $1008.85, with interest, at six per cent., from May 12th 1866.

The case stated in No. 606, is similar, except that the amount of tax was $388.

The court below (Pearson, P. J.) entered judgment for the Commonwealth as follows:—

In No. 605 for $1349.50.

In No. 606 for $519.01.

The defendants removed the record in each case to the Supreme

[Manufacturers' & Mechanics' Bank *v.* Commonwealth.]

Court, and assigned for error, the entering of the judgments for the Commonwealth.

*S. J. M. McCarroll* (with whom were *D. Fleming* and *A. H. Smith*), for plaintiffs in error.

*J. C. Knox, Jr.*, and *F. C. Brewster*, Attorney-General, for Commonwealth.

Judgment was entered in the Supreme Court, May 27th 1872.

PER CURIAM.—Both these cases depend upon the question, at what time did the bank, under the provisions of the enabling act of 22d May 1866, surrender its state charter and become a banking institution under the Act of Congress of June 3d 1864?

The learned judge below held that to have been on the 19th December 1864, when on the certificate of the auditor-general, that all taxes due on the 1st of the preceding November had been paid, the governor caused notice, as required by law, to be published that the bank had become a national institution.

The 10th section of the enabling act required the bank to pay all taxes imposed upon it by state laws to the date of its becoming a national bank. We think the enabling act was necessary and binding legislation on these state banks, and that the taxes due until the surrender was perfected according to its terms, were due to, and collectable by, the state. This was the opinion of the learned court below, and with it we agree.

Let the judgments in both of the above cases be affirmed.